GERBER, J.
 

 The state appeals the circuit court’s order granting the defendant’s motion to suppress. The defendant’s motion raised two arguments: (1) the police did not have probable cause to arrest her, and thus any search of her person was incident to an unlawful arrest; and (2) the search of her person was otherwise illegal absent a search warrant. The circuit court granted the motion pursuant to the second argument, finding that although the police had reasonable suspicion to detain the defendant, the police should have obtained a warrant for the search of her person.
 

 We conclude that the circuit court erred in granting the motion based on the second argument. If the arrest was lawful, then the police were permitted to search the defendant incident to the lawful arrest without a warrant.
 
 See Arizona v. Gant,
 
 556 U.S. 332, 129 S.Ct. 1710, 1716, 173 L.Ed.2d 485 (2009) (“Among the exceptions to the warrant requirement is a search incident to a lawful arrest.”).
 

 However, we agree with the defendant’s first argument that the police did not have probable cause to arrest her, and thus any search of her person was incident to an
 
 unlawful
 
 arrest.
 
 See United States v. Di Re,
 
 332 U.S. 581, 593, 68 S.Ct. 222, 92 L.Ed. 210 (1948) (arrest of the defendant could not be justified based on the defendant’s presence in an automobile with a suspect where the informant did not point out the defendant as a suspect and the police had no information indicating that the defendant heard or took part in any conversation relating to the crime).
 

 Because the circuit court’s decision to grant the motion was right, but for the wrong reason, we affirm.
 
 See Robertson v. State,
 
 829 So.2d 901, 906 (Fla.2002) (“‘[E]ven though a trial court’s ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling.’ ”) (citation and emphasis omitted).
 

 Affirmed.
 

 TAYLOR, J., and PEGG, ROBERT L., Associate Judge, concur.